# IN RE ESTATE OF CHARLES HORSFALL—HENRY ROYLES, PETITIONER, APPELLANT.

[Submitted Feb. 14, 1898.   Decided Feb. 21, 1898.]

*Administrators—Sale of Mortgaged Chattels—Distribution of Proceeds.*

UNDER Section 2810, Code of Civil Procedure, which provides the order of preference in which debts of the estate must be paid, an administrator, upon a sale by him of a chattel belonging to the estate and mortgaged by the decedent, must apply the proceeds to the payment of the mortgaged debt, before he can use any thereof in payment of expenses of administration.

*Appeal from District Court, Silver Bow County.   John Lindsay, Judge.*

IN RE estate of Charles Horsfall. Petition by Henry Royles for the payment of a claim. Denied, and claimant appeals. Reversed.

*J. W. Cotter*, for Appellant.

PIGOTT, J.—The only question presented by this appeal is whether the proceeds of an administrator's sale of mortgaged chattels may be applied towards paying the expenses of administration aside from those incident to such sale.

The petitioner is the owner of a note made by Horsfall, the payment of which was secured by a chattel mortgage. After Horsfall's death, the note and mortgage were duly allowed by his administrator and approved by the judge below. Under order of the court, the administrator sold these chattels for $350. The expenses of the sale seem to have been $3.50, but did not exceed $10. The assets of the estate consisted of $34 in addition to the property subject to the mortgage. The total amount received by the administrator was therefore $384. The petitioner's claim amounted to $350, and he demanded of the administrator payment of that sum, less the expenses of the sale. The administrator refused the demand,

upon the ground that he did not have sufficient money in his hands, after paying the general expenses of administration, to discharge petitioner's mortgage debt, the general expenses having been incurred (with the exception of the $3.50) for items having no immediate relation to the sale, and aggregating $89.38, leaving a balance of $294.62; and from this sum, as the administrator alleges, taxes for 1897 must be deducted. It appears that the administrator offered to pay to petitioner $294.62, the balance remaining after deducting the $89.38. The District Court refused to direct the administrator to pay the petitioner; and, from the order dismissing the citation, petitioner appeals.

It is conceded by the appellant that the expenses of the administrator's sale should be deducted from the $350, the proceeds of the sale. The question whether the taxes should likewise be deducted is not clearly raised, and we shall leave its determination to the trial court. It is insisted by appellant that he is entitled to the $350, less the expenses of sale. Respondent contended in the court below that the general expenses of administration, which have been referred to, must be subtracted from the total receipts of $384; and we must assume that he still so contends, although he has not favored this court with brief or argument. After giving the question such consideration as it deserves, we entertain no doubt that appellant is entitled to be paid the avails of the sale, less only the expenses attending it, and, perhaps, the taxes on the property so sold or the money which took its place. It seems impossible to find any principle upon which the contention of respondent can be sustained.

Section 2810 of the Code of Civil Procedure provides that the debts of the estate must be paid in the order following : (1) Funeral expenses; (2) the expenses of the last illness; (3) debts having preference by law; (4) judgments rendered in the lifetime of the decedent, and mortgages in the order of their date; and (5) all other demands against the estate.

Debts of the estate are such debts only as were contracted by or on behalf of the decedent. Manifestly, these demands

do not include the expenses of administration. Were there nothing further in the statutes, it must, we think, be conceded that the entire debt secured by chattel mortgage, including that part remaining after exhausting the property mortgaged to secure its payment, would be entitled to preference over any demand falling within Subdivision 5.

But Section 2811 declares : ''The preference given in the preceding section to a mortgage only extends to the proceeds of the property mortgaged. If the proceeds of such property is insufficient to pay the mortgage, the part remaining unsatisfied must be classed with the other demands against the estate.''

Here we find a limitation. The preference given by Subdivision 4 of Section 2810 is restricted to the proceeds of the property mortgaged; and, if the proceeds are insufficient to pay the mortgage, the part of the mortgage debt remaining unsatisfied must be classed with ''the other demands'' of Subdivision 5; and the amount which the holder of such remaining debt would otherwise be entitled to receive in payment, may, in case of insolvency, be diminished by contribution towards the general expenses of administration.

From what sources are the moneys necessary to pay the costs and expenses of administration derived? Certainly, from the assets of the estate. The administrator is not empowered to resort to the property of another for the purpose mentioned. While living, decedent owned the chattels subject to the lien or charge of appellant's mortgage. The property of appellant was the lien or charge created by the mortgage. Decedent's property was one thing, and appellant's was another and a different thing. Decedent's ownership was subordinate to appellant's lien. The chattels under mortgage constituted assets of the estate, subject to the preferential claim of the mortgagee, and the devolution of the decedent's title in no wise affected or impaired the right of appellant. His right and property remained as distinct and as sacred as theretofore, and was and is a lien, which cannot be lessened or impaired by reason of the incurring of general expenses in

the course of administration.   His right extends and attaches to the moneys derived from the sale of the chattels upon which he had a lien by mortgage, and this right is exclusive of that claimed by respondent.

The order dismissing the citation is reversed, with costs, and the cause is remanded, with directions to the District Court to hear and determine the application in conformity with the views expressed in this opinion.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.